UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Caine Redifer, Sr.,                    File No. 25-cv-933 (ECT/LIB)

        Petitioner,

v.                                             **OPINION AND ORDER**

T. Vaught, *Warden*, and FCI Sandstone,

        Respondents.

Pro se Petitioner Michael Caine Redifer, Sr. has filed a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 38, and a motion to file an amended petition for a writ of habeas corpus, ECF No. 39. The motions will be denied.

Mr. Redifer filed his initial petition for a writ of habeas corpus on March 13, 2025. ECF No. 1. On May 19, he filed a supplement to his petition. ECF No. 12. On August 21, he filed a motion to amend his petition, ECF No. 28, which was granted-in-part and denied-in-part, ECF No. 32. And on September 18, he moved to submit a supplemental pleading. ECF No. 30. That motion was granted. ECF No. 32. On December 10, Mr. Redifer filed a letter indicating he intended to file a yet another amended habeas petition, but that he would "not be finished with the pleading until January (maybe early February)." ECF No. 31. On December 29, 2025, Magistrate Judge Leo I. Brisbois issued an Order and Report and Recommendation; Judge Brisbois recommended that Mr. Redifer's petition for a writ of habeas corpus be denied. ECF No. 33. Mr. Redifer moved for an extension of time to file objections to the Report and Recommendation, explaining that additional

time was "necessary so [he] can review this Court's findings and recommendations, and then decide" how to proceed. ECF No. 34. That motion was granted in part. ECF No. 35. Mr. Redifer failed to file objections by the extended deadline, *see* Docket, and I accepted Judge Brisbois's Report and Recommendation and dismissed Mr. Redifer's petition for a writ of habeas corpus, ECF No. 36. Judgment was entered on February 11, 2026. ECF No. 37.

Now, Mr. Redifer seeks to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 38, and to file an amended petition consisting of 152 pages, ECF Nos. 39, 42.

A post-judgment motion for leave to amend "will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . ." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021) (citation modified).

Mr. Redifer's motions to alter or amend judgment and to amend the petition fail to meet the Rule 59(e) standards. Mr. Redifer seeks to both introduce new arguments and

rehash old ones. To the extent he seeks to bring new arguments and legal theories to the Court's attention, Rule 59(e) does not permit him to do so post-judgment. *See Yeransian*, 984 F.3d at 636. Mr. Redifer argues he has identified newly discovered evidence. ECF No. 38 at 2. However, a review of the proffered "evidence" reveals it could have been raised prior to entry of judgment. *See id.* at 37–41 (referencing an "interpretation[] of the First Step Act" released in "October 2024," an "internet posting " released in "October 2025," and a Government Accountability Office report that Mr. Redifer "started to review" "before this Court's judgment"). To the extent Mr. Redifer seeks to revisit old arguments, he has failed to identify any "manifest errors of law or fact." *Yeransian*, 984 F.3d at 636.

"A district court has discretion under Rule 60(b) to grant postjudgment leave to file an amended complaint if the motion is 'made within a reasonable time,' Rule 60(c)(1), and the moving party shows exceptional circumstances warranting extraordinary relief." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (citation modified). "Whether leave to amend is sought pre judgment or post judgment, it is appropriately denied 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, No. 14–MD–2586 (ADM/TNL), 2018 WL 1189327, at \*6 (D. Minn. Mar. 7, 2018) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)), *aff'd sub nom. In re SuperValu, Inc.*, 925 F.3d 955 (8th Cir. 2019); *see also Wagner v. Bierwerth*, No. 25-cv-3444 (LMP/SGE), 2026 WL 446423, at \*2 (D. Minn. Feb. 17, 2026). "An amendment is futile if the amended [pleading] 'could not withstand a

3

motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). To survive a Rule 12(b)(6) motion, a petition must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

Mr. Redifer's request to amend his petition post-judgment will be denied due to futility. In his most recently filed amended petition, ECF No. 42, Mr. Redifer argues he should have been transferred to prerelease custody on July 16, 2022, and seeks immediate placement into prerelease custody. *Id.* at 151. But as Magistrate Judge Brisbois already explained, this is not a cognizable habeas claim. ECF No. 33 at 9; *see Hernandez v. Eischen*, No. 24-cv-27 (KMM/DLM), 2024 WL 4839827, at *5 (D. Minn. Oct. 28, 2024) ("Challenging the *place* of confinement—i.e., asking to be placed in an RRC or on home confinement—is not a cognizable habeas claim."), *R. & R. adopted*, 2024 WL 4839158 (D. Minn. Nov. 20, 2024); *Shay v. Rardin*, No. 24-cv-3418 (PAM/DTS), 2024 WL 4574391 (D. Minn. Sept. 19, 2024) ("A claim that a federal prisoner should sooner be transferred to prerelease custody or home confinement amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review."), *R. & R. adopted*, 2024 WL 4573895, at *1 (D. Minn. Oct. 24, 2024).

Mr. Redifer also seeks to challenge a variety of federal statutes and regulations and Bureau of Prisons ("BOP") program statements and seeks to compel the publication of an unpublished policy. ECF No. 42 at 151. To the extent these challenged provisions bear on Mr. Redifer's transfer into prerelease custody, his challenge is not cognizable under habeas review. To the extent these challenged provisions do not affect his transfer into

4

prerelease custody, Mr. Redifer has not identified how they affect him, and thus, does not have standing to challenge them. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (stating that Article III standing "requires those who invoke the power of a federal court to demonstrate standing—a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." (citation modified)). Accordingly, Mr. Redifer's motion for leave to amend his petition will be denied due to the futility of the amendment.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.     Petitioner Michael Caine Redifer, Sr.'s Rule 59(e) Motion [ECF No. 38] is **DENIED**.

2.     Petitioner's Motion Requesting Permission to Submit an Amended Writ of Habeas Corpus [ECF No. 39] is **DENIED**.

3.     Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 43] is **DENIED AS MOOT**.

Dated: April 21, 2026                          s/ Eric C. Tostrud
                                               Eric C. Tostrud
                                               United States District Court

5